UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN RAMSDELL,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

Hon. Robert J. Jonker

Case No. 1:25-cv-703

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.   Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and

whether there exists in the record substantial evidence supporting that decision.    *Id.* at 224-25.    Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.    *Richardson v. Perales*, 402 US 389, 401 (1971).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility.    *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017).    The substantial-evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference.    *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018).    This standard affords the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.    *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 48 years of age on his alleged onset date.    (ECF No. 5-2, PageID.43).    He successfully completed high school and worked previously as an automobile mechanic helper, a diecasting machine operator, a medical equipment repairer, and a machine builder.    (*Id.*)    Plaintiff applied for DIB benefits on November 29, 2022, alleging that he had been disabled since September 19, 2022, due

to multiple sclerosis, memory issues, heat sensitivity, random muscle spasms, pain and numbness in extremities, back and neck stiffness/pain, headaches, random mood changes, an inability to focus, and spinal scoliosis.  (ECF No. 5-2, PageID.34; ECF No. 5-7, PageID.240).

Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ).  Following an administrative hearing, ALJ Robert Tjapkes, in an opinion dated June 11, 2024, determined that Plaintiff did not qualify for disability benefits.  (ECF No. 5-2, PageID.32-45).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

<u>**ANALYSIS OF THE ALJ'S DECISION**</u>

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate that he is entitled to disability benefits, and he satisfies his burden by demonstrating that his impairments are so

severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.   *See* 42 U.S.C. § 423(d)(2)(A).   While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined.   *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from multiple sclerosis and cervical degenerative disc disease, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.   (ECF No. 5-2, PageID.34-36).

With respect to Plaintiff's RFC, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) he cannot climb ladders, ropes, and scaffolds; (2) he cannot work around environmental hazards such as unprotected heights or unguarded, moving machinery; (3) he can perform occasional crouching, crawling, kneeling, balancing, stooping, and climbing of ramps and stairs; and (4) he can have occasional exposure to occupational extremes of heat and vibration.   (ECF No. 5-2, PageID.37).

The ALJ found that Plaintiff was unable to perform any of his past relevant work, at which point the burden of proof shifted to the Commissioner to establish by

substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, his limitations notwithstanding.    *O'Neal*, 799 Fed. Appx. at 316.    In satisfying this burden, the ALJ may rely on a vocational expert's testimony.    *Ibid.*

In this case, a vocational expert testified that there are approximately 635,000 jobs in the national economy which an individual with Plaintiff's RFC could perform. (ECF No. 5-2, PageID.78).    This represents a significant number of jobs.    *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant' ").    Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I.    Residual Functional Capacity

A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations."    *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule").

Plaintiff argues that he is entitled to relief because the ALJ's RFC assessment is not supported by substantial evidence.    Specifically, Plaintiff argues that the ALJ

did not properly assess the medical opinions, consider all Plaintiff's impairments, or properly address Plaintiff's subjective symptoms.

In support of his RFC assessment, the ALJ noted the following, *inter alia.* MRI scans show Plaintiff's multiple sclerosis and cervical impairments with no new lesions or changes.   (ECF No. 5-8, PageID.315, 351-52, 354, 359, 363, 365).   Plaintiff receives infusions twice per year to manage his multiple sclerosis.   (ECF No. 5-3, PageID.85, 89, 95, 99-100; ECF No. 5-7, PageID.259, 277; ECF No. 5-8, PageID.329.) During a consultive examination in March 2023, Plaintiff reported that he was not on any medication and was following up with neurology.   (ECF No. 5-8, PageID.394). Examinations revealed that Plaintiff exhibited normal gait, strength, coordination, sensation, reflexes, and mental status findings.   (ECF No. 5-3, PageID.89, 95; ECF No. 5-8, PageID.321-22, 324, 326, 334-35, 395-97; ECF No. 5-9, PageID.485-86).

The ALJ recognized that Plaintiff experienced certain physical limitations and, accordingly, restricted Plaintiff to a limited range of light work.   The ALJ examined the evidence in detail, and his RFC assessment is supported by substantial evidence. Plaintiff has not articulated any error in the ALJ's RFC assessment, but instead, merely urges this Court to re-weigh the evidence and reach a different conclusion. The ALJ is tasked with determining a claimant's RFC.   *See* 20 C.F.R. §§ 404.1546(c), 416.946(c).   While the ALJ may not "play doctor" and substitute her own opinion for that of a medical professional, the ALJ is not required to tailor her RFC assessment to any particular opinion or item of medical evidence.   *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18, 2009).   Instead, the

-6-

ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004).

This is precisely what the ALJ did, and the ALJ's RFC assessment is supported by substantial evidence.  Plaintiff's argument that the ALJ should have weighed and evaluated the evidence differently is not grounds for relief. Accordingly, this argument is rejected.

## II.    Medical Source Opinion

Following Plaintiff's psychological consultative examination, Dr. Robert Griffith, PsyD, ABAP,[1] reported that Plaintiff experienced far greater functional limitations regarding his mental health than the ALJ recognized.  (ECF No. 5-8, PageID.386-90).   The ALJ, however, found that the doctor's observations were "not persuasive."   (ECF No. 5-2, PageID.42).   Plaintiff argues that he is entitled to relief because the ALJ's assessment of Dr. Griffith's and Gray's statements is not supported by substantial evidence.

Because Plaintiff filed his application after March 27, 2017, the ALJ evaluated the opinions in question pursuant to 20 C.F.R. § 416.920c.   This regulation provides that the ALJ "will not defer or give any specific evidentiary weight, including

---

[1] Plaintiff notes in his brief that the ALJ titled Dr. Griffith "LP," rendering it "unclear" whether the ALJ credited him as "an acceptable medical source" in his evaluation.   (ECF No. 9, PageID.513).   The record supports that that the ALJ was aware that Dr. Griffith was a licensed psychologist as that title is listed underneath Dr. Griffith's name on his report that the ALJ cited to.   (ECF No. 5-8, PageID.386).

controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source.   20 C.F.R. § 416.920c(a). Instead, the ALJ is required to articulate his determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate."   *Id.* § 416.920c(b)(1).

These factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion.   *Id.* § 416.920c(1)-(5).   The ALJ must explain his consideration of the supportability and consistency factors, but absent circumstances not present here, he is not required to explain how the remaining factors were considered.   *Id.* § 416.920c(b)(2), (3).   The regulations define "supportability" and "consistency" as follows:

(1)    Supportability.   The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2)    Consistency.   The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* § 416.920c(c)(1)-(2).

With respect to Plaintiff's functional mental limitations, Dr. Griffith reported the following.   Plaintiff "will have mild difficulties with short instructions and marked difficulties dealing with detailed instructions."   (ECF No. 5-8, PageID.390).

Plaintiff "will likely be better with routine" and "will have marked or extreme difficulties maintaining attention and concentration throughout the day." (*Ibid.*). He found that Plaintiff's "reliability and dependability will be markedly limited." (*Ibid.*).  He noted that Plaintiff's "pace and endurance seem to be quite low" and that "[h]e will have marked difficulties tolerating social stressors."  (*Ibid.*).

Regarding Plaintiff's general mental health, Plaintiff did not report to Dr. Griffith any previous mental health care, including medication, outside of cognitive and neurological care (ECF No. 5-3, PageID.96; ECF No. 5-8, PageID.389-90).   The record largely contains benign mental status findings.   (ECF No. 5-8, PageID.326, 334; ECF No. 5-9, PageID.485).   In his application for benefits, Plaintiff reported that his daily activities include the following: dishes, laundry, mowing, shoveling snow, grocery shopping, making meals, driving, handling finances, working on cars, and summer camping.   (ECF No. 5-7, PageID.248-50).

In support of his assessment of Dr. Griffith's statements, the ALJ cited the above evidence, which simply fails to support Dr. Griffith's statements regarding Plaintiff's functional mental limitations.   (ECF No. 5-2, PageID.39-40).   The ALJ also noted that the doctor's statements were inconsistent with those of other opinions in the record.   (ECF No. 5-3, Page ID.86-89, 96).   As noted above, the ALJ, in his RFC assessment, restricted Plaintiff to a limited range of light work.   These limitations are supported by the record.   To the extent Dr. Griffith's statements are interpreted as articulating even greater mental limitations, the ALJ reasonably

discounted such and his rationale for doing so is supported by substantial evidence.

Accordingly, this argument is rejected.[2]

## III.    Plaintiff's Subjective Allegations

Plaintiff asserts that, at the administrative hearing, he had "difficulty expressing himself, could not recall words[,] or provided piecemeal responses" (ECF No. 5-2, PageID.66-69), demonstrating that his depressive symptoms "are more than *de minimus*" (ECF No. 9, PageID.516).   The ALJ found that Plaintiff's "depressive disorder" was "nonsevere" because it "does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities."   (ECF No. 5-2, PageID.35).   At the administrative hearing, Plaintiff also reported that he could not complete a flight of stairs without stopping and that he had to sit after fifteen minutes of standing while washing the dishes.   (ECF No. 5-2, PageID.71-73).   As noted above, the ALJ restricted Plaintiff to a limited range of light work.   Plaintiff argues that he is entitled to relief because the ALJ improperly discounted his subjective allegations.

While "pain alone, if the result of a medical impairment, may be severe enough to constitute disability," *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984), a claimant's "statements about [her] pain or other symptoms will not alone establish

---

[2] Plaintiff also states that his symptoms increased although Natalie Gray, M.D., a non-examining consultant, noted that Plaintiff's fatigue and dizziness would "likely. . . improve with ongoing treatment."   (ECF No. 5-2, PageID.71-72; ECF No. 5-3, PageID.100).    Plaintiff additionally contests the ALJ's characterization of his twice-a-year infusion treatment as "conservative."   (ECF No. 5-2, PageID.41). The Court is unpersuaded by these bare assertions.

that [she is] disabled." 20 C.F.R. § 404.1529(a); *see also, Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009).

Instead, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard. First, it must be determined whether the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms. *See* Titles II and XVI: Evaluation of Symptoms in Disability Claims, Social Security Ruling 16-3p, 2016 WL 1119029 at *3-4 (S.S.A., Mar. 16, 2016). Next, the intensity and persistence of the claimant's symptoms are evaluated to determine the extent to which such limit her ability to perform work-related activities. *Id.* at *4-9.[3]

As is also well recognized, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004). Where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, however, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the

---

[3] Social Security Ruling 16-3p rescinded Social Security Ruling 96-7p. *Id.* at *1. However, the adoption of this new Social Security Ruling did not alter the analysis for evaluating a claimant's subjective statements. Instead, as the Social Security Administration stated, it was simply "eliminating the use of the term 'credibility' [so as to] clarify that that subjective symptom evaluation is not an examination of an individual's character." *Ibid.* As courts recognize, aside from this linguistic clarification, "[t]he analysis under SSR 16-3p otherwise is identical to that performed under SSR 96-7p." *Young v. Berryhill*, 3:17-cv-395 DW, 2018 WL 1914732 at *6 (W.D. Ky., Apr. 23, 2018).

administrative record."   In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference."   *Ibid.*   It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand.   *See, e.g., Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) ("[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable").

There is no dispute that Plaintiff experiences significant limitations resulting from his various impairments.   As discussed above, however, the evidence does not support Plaintiff's testimony that he is limited to the extent alleged.   The Court is not permitted to re-weigh the evidence.   The ALJ articulated a clear rationale in support of his decision to discount Plaintiff's subjective allegations and the ALJ's conclusions and rationale are supported by substantial evidence.   Accordingly, this argument is rejected.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within such time waives the right to appeal the District Court's order.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: January 26, 2026

 /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge